UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 01560



| | |
|---|---|
| ALIENWARE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ONLINE GIFT REWARDS<br><br>Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT |

Plaintiff, ALIENWARE CORPORATION ("Alienware"), by its attorneys, Baker Botts, L.L.P., for its complaint against defendant, ONLINE GIFT REWARDS ("Defendant") alleges as follows:

## SUMMARY OF THE COMPLAINT

1. This is an action for trademark infringement and dilution, unfair competition, false designation of origin, false or misleading description or representation of fact and related claims under federal and state laws. Defendant has, without authorization from Alienware, used Alienware's world-famous name, trademark and product images in mass e-mail solicitations and on its websites on the Internet offering a "free" ALIENWARE computer. In fact, the ALIENWARE computer is not "free," but rather, requires compliance in a brief time frame with onerous prerequisites, including that the consumer purchase 18 separate "offers" of products and services sold or rendered by "sponsors" advertised via Defendant's websites. Such requirements are not communicated together with the offer of a "free" computer, but rather, are set forth only

later in the Defendant's website reached by navigating through numerous information and prompts. Defendant has provided no recognizable indication of origin other than ALIENWARE. Indeed, its clear intent is to masquerade as Alienware for purposes of deceiving consumers into entering into business transactions with Defendant in the false belief that they are conducting business with Alienware. As a result, consumers have been and continue to be deceived into believing that Alienware offers or sponsors Defendant's website, email solicitations and ALIENWARE product "giveaway" promotion. In fact, Alienware has no connection or affiliation whatsoever with Defendant or its promotion, website, or email communications. Consumer confusion is inevitable and imminent such that Alienware requires an immediate injunction to prevent further irreparable harm. Plaintiff's claims arise under the United States Trademark (Lanham Act of 1946) Laws, 15 U.S.C. §§ 1051 et seq. and New York statutory and common law. As a result of Defendant's willful conduct, Alienware seeks injunctive relief and the recovery of actual damages, treble damages, profits, costs, attorneys' fees, punitive damages and other relief as more fully set forth herein.

## THE PARTIES

2. Plaintiff, Alienware is a Florida corporation having its principal place of business located at 13398 SW 128 Place, Miami, FLORIDA 33186. Alienware designs, builds and customizes computer systems, computer software, entertainment centers, computer games, accessories and related products and services covering a wide range and variety of solutions for its customers.

3. On information and belief, Defendant, Online Gift Rewards is a corporation or unincorporated entity organized and existing under the laws of the State of Florida, having

principal places of business at 13762 W. SR. 84, Suite 612, Davie, Florida 33325 and 13900 Jog Road, Suite 203-251, Delray Beach, Florida 33446.

## SUBJECT MATTER JURISDICTION

4. The First through Third Causes of Action arise under the United States Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §§ 1051-1127. Jurisdiction in this Court over these causes of action is proper pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5. The Fourth through Seventh Causes of Action arise under New York law and are substantially based upon the same operative facts as the First through Third Causes of Action. Jurisdiction in this Court over the Fourth through Seventh Causes of Action is proper pursuant to 28 U.S.C. § 1338(b) and on the basis of supplemental jurisdiction.

## PERSONAL JURISDICTION

6. Personal jurisdiction over the Defendants is proper under the laws of the State of New York, pursuant to Rule 4 of the Federal Rules of Civil Procedure and under the Due Process Clause of the Fourteenth Amendment to the Federal Constitution. On information and belief, Defendants have engaged in tortious conduct in this district and have caused injury to Alienware in this district.

## VENUE

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a substantial part of the claims arose in this district.

## PLAINTIFF'S TRADEMARK RIGHTS AT ISSUE

8. Plaintiff, Alienware, is a leading manufacturer of high-performance desktop, notebook and professional computer systems and media centers for home, business, entertainment, gaming, government, or other use desired by the general public or specialty sectors. Alienware receives customer orders via the mail, telephone, facsimile, and Internet and

ships products directly to customers according to their customized specifications. Alienware also sells an extensive selection of computer peripheral hardware and computing software and provides an extensive range of computer-related services, including telephone and on-line technical support, on-site product service, system installation and management, and technology transition planning and implementation.

9. In or about 1997, Alienware created, adopted and commenced use of the trade name, trademark and service mark ALIENWARE to identify and distinguish its products and services. No entities other than Alienware and its affiliated companies are authorized to manufacture and sell computer systems and accessories, computer peripherals, and other computer components or provide computer-related services in the United States under Alienware's trademark.

10. The name and mark ALIENWARE has been extensively used by Alienware in United States interstate commerce in connection with advertising and promotion of Plaintiff's products and services on Alienware's web site on the Internet at "www.alienware.com," in nationwide newspapers, trade and consumer magazines, on television and radio, and through direct mail. Such name and mark is prominently presented on Alienware's computer systems, advertisements, product packaging, manuals, and technical and informational literature.

11. Since at least as early as 1997, Alienware has operated its website at the URL *www.Alienware.com*. Alienware's website is viewed as an important resource by the general public and receives many "hits" or visits each day. Alienware spends considerable monies each year operating, maintaining it website, advertising and promoting its website.

12. Alienware is the owner of the trademark ALIENWARE and has registered such marks in the United States Patent and Trademark Office as follows:

| Mark | Reg. No. | Issue Date | Goods |
|---|---|---|---|
| ALIENWARE | 2,616,204 | 9/10/2002 | computers and computer installation and set-up services |
| ALIENWARE & Logo | 2,823,037 | 3/16/2004 | binder printed instruction manual for setting up an alienware computer; polo shirts, hats, visors, long sleeve shirts; online retail store services computers. |

13. The above listed registrations are currently valid, subsisting and in full force and effect, and are registered on the Principal Trademark Register of the United States Patent and Trademark Office.

14. The name and mark ALIENWARE has been extensively and continually advertised and promoted by Alienware within the United States and worldwide for the past 11 years. Substantial amounts of time, effort, and money have been expended over the last decade in ensuring that the purchasing public associates such marks exclusively with Alienware.

15. As a result of the time, effort and money invested in its business, Alienware has achieved a reputation for excellence in the manufacture and sale of its computer products and in the rendering of its services. As a result of its reputation for excellence, Alienware enjoys a substantial demand for and consumer sales of its products and services. Together with its reputation for excellence, Alienware enjoys a tremendous goodwill in its trademarks.

16. By virtue of the extensive scope of the consumer sales made and the substantial sums spent to advertise and promote products and services under Alienware's mark, such mark has acquired a strong secondary meaning in the minds of the purchasing public and the business community, and are now highly distinctive, famous and serve uniquely to identify Alienware's products and services. Through widespread and favorable public acceptance and recognition,

such mark has become an asset of incalculable value as a symbol of Alienware's products and services.

### DEFENDANT'S WRONGFUL CONDUCT

17.     On information and belief, long after Alienware's first use of its name and mark, ALIENWARE, without the permission or authorization of Alienware, and with complete knowledge and notice of Alienware's trademark rights, Defendant disseminated mass unsolicited electronic solicitations to the general public offering the recipients a "free" ALIENWARE laptop computer. The same offer has been made by Defendant through various websites on the Internet, including, "http://onlinegiftrewards.com/rd_p?p=159817&t=3506&c=_&a=CD8602" and "http://www.onlinegiftrewards.com/rd_p?p=133353&c=15985-alienlptop_emc_d40 slice&a=CD197". Such solicitations and websites prominently and repeatedly use Alienware's name and trademark, the image of an ALIENWARE computer, the depiction of an "alien," the phrase, "Out of this world," which is an obvious play on Alienware's name and mark, and a description of the ALIENWARE product features. There is no other recognizable or identifiable indication of source. Indeed, on information and belief, the designation, "Online Gift Rewards" is used and is likely to be perceived as a generic description of the offering rather than a source indicator. True and correct copies of representative samples of Defendant's ALIENWARE "giveaway" solicitations are attached hereto as Exhibit 1.

18.     On information and belief, the ALIENWARE computer offered by Defendant is not "free," but rather, requires that, within 60 days following registration with Defendant's program, the consumer complete 18 separate "offers" by purchasing products or services from "sponsors" advertised on Defendant's websites. On information and belief, the conditions for receipt of the "free" ALIENWARE computer from Defendant are not clearly and prominently

communicated to the consumers, but, rather, are intentionally buried later in Defendant's solicitation and website and presented to the consumer, if at all, only after he or she expends significant time and effort in responding to inquiries and navigating the multiple prompts. On information and belief, Defendant has intentionally obfuscated the requirements for receiving a "free" ALIENWARE computer for the purpose of generating sales of products and services offered on their various websites which they would not have otherwise made.

19. On information and belief, Defendant made unauthorized use of Alienware's name and marks and product images for the specific purpose of deceiving consumers into entering into business transactions with Defendant in the false belief that they are conducting business with Alienware.

20. On information and belief, consumers have been and continue to be confused, misled and deceived into believing that Alienware offers or sponsors Defendant's email solicitations, ALIENWARE product "giveaway" promotion, and products and services offered on Defendant's websites. In fact, Alienware has no connection or affiliation whatsoever with Defendant or its promotion, website, or email communications.

21. On information and belief, because of Alienware's long, extensive and substantially exclusive use and sale of its name and marks and Alienware's significance as a manufacturer and supplier of computer products and services, Defendant was or should have been, at all times, fully aware of Alienware's trademark rights.

22. On information and belief, the unauthorized use of Alienware's name and marks by Defendant is misleading, fraudulent and is likely to and will inevitably confuse, mislead and deceive the public as to the source or sponsorship of Defendant's website, solicitations, products, services, business and ALIENWARE giveaway offer.

23. On information and belief, Defendant's use of Alienware's name and marks was and is conducted by Defendant with actual knowledge of, and for the purpose of trading off, the reputation and goodwill in Alienware's name and marks, and was done in bad faith.

24. On information and belief, Defendant's bad faith and willful and wanton wrongful actions as described above (1) have the likelihood of affecting interstate commerce by deceiving or confusing the public throughout the nation; (2) constitute a false or misleading description or representation of fact; (3) constitutes a false designation or origin; (4) suggest a non-existent connection between Defendant and Alienware; and/or (5) suggest that Alienware has sent Defendant's electronic messages and operates Defendant's website.

## FIRST CAUSE OF ACTION
(Federal Trademark Infringement – 15 U.S.C. § 1114)

25. Alienware realleges and incorporates herein by reference the allegations of the forgoing paragraphs.

26. On information and belief, Defendant's use of Alienware's name, trademarks and product images is likely to cause confusion as to the source, sponsorship or authorization of Defendant's communications, website, products, services and promotions by Alienware. Defendant's actions constitute trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

27. As a proximate result of Defendant's actions, Alienware has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

28. Alienware has no adequate remedy at law for Defendant's infringement of Alienware's trademarks. Unless Defendant is permanently enjoined, Alienware will continue to suffer irreparable harm.

## SECOND CAUSE OF ACTION
(Federal Trademark Infringement, False or Misleading Description
or Misrepresentation of Fact, False Designation of Origin
and Unfair Competition Pursuant to Section 43 of the Lanham Act)

29. Alienware realleges and incorporates herein by reference the allegations of the forgoing paragraphs.

30. The ALIENWARE name and mark, as used in connection with computers, computer systems, software, peripherals, and related goods and services, is distinctive and has become associated with Alienware and thus exclusively identify and distinguish Alienware's business, products, and services.

31. On information and belief, because of Defendant's wrongful use of the ALIENWARE name and mark, the public is deceptively led to believe that Defendant's electronic solicitations were sent from, or otherwise approved by, or associated with, Alienware, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendant's actions constitute trademark infringement, false designation of origin, false or misleading description or representation of fact, and false representation in and affecting interstate commerce in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. As a proximate result of Defendant's actions, Alienware has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

34. Alienware has no adequate remedy at law for Defendant's unlawful acts. Unless Defendant is permanently enjoined, Alienware will continue to suffer irreparable harm.

## THIRD CAUSE OF ACTION
(Federal Trademark Dilution - 15 U.S.C. §1125(c))

35. Alienware realleges and incorporates herein by reference the allegations of the forgoing paragraphs.

36. The mark ALIENWARE is arbitrary, fanciful and/or highly distinctive in connection with computer products, peripherals, accessories, parts and related products/services and is strong and, indeed, famous as a result of Alienware's prominence in the marketplace and extensive advertising, promotion and sale of goods and services under such mark.

37. Defendant's wrongful and unauthorized use of the mark ALIENWARE is likely to dilute the distinctive quality of and tarnish Alienware's mark in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

38. As a proximate result of Defendant's actions, Alienware has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

39. Alienware has no adequate remedy at law for Defendant's unlawful acts. Unless Defendant is permanently enjoined, Alienware will continue to suffer irreparable harm.

**FOURTH CAUSE OF ACTION**
**(Trademark Infringement — New York Law)**

40. Alienware realleges and incorporates herein by reference the allegations of the forgoing paragraphs.

41. This is a cause of action for trademark infringement arising under New York common law.

42. Alienware's name and mark is inherently distinctive and/or has acquired a strong secondary meaning. Alienware has used the aforementioned mark in connection with computer products for at least the past 11 years. The aforementioned mark has become extensively known and associated in the minds of the public exclusively with Alienware's business, products and services.

43. Defendant's unlawful deceptive and infringing practices, and other conduct as described, above constitute trademark infringement in violation of New York common law.

44. By these actions, Defendant has appropriated Alienware's marks at no cost to itself, and such unfair competition, infringement and misappropriation have irreparably injured the trade recognition and goodwill associated with Alienware's marks.

45. As a proximate result of the willful acts of Defendant as alleged herein, Alienware has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits, while Defendant profits at Alienware's expense.

46. On information and belief, Defendant's conduct was willful and wanton. Alienware seeks an award of punitive damages sufficient to punish Defendant and deter such conduct in the future.

47. Alienware has no adequate remedy at law against this unfair competition. Unless Defendant is enjoined by the Court, Alienware will continue to suffer irreparable harm.

## FIFTH CAUSE OF ACTION
(Unfair Competition — New York Common Law)

48. Alienware realleges and incorporates herein by reference the allegations of the forgoing paragraphs.

49. Defendant's wrongful use of the mark ALIENWARE and willful false representations as alleged herein are likely to deceive the public into believing falsely that Defendant's promotions, website, solicitations and "giveaway" offer originate from, or are sponsored or approved by Alienware. Defendant has unfairly competed with Alienware in violation of New York common law.

50. On information and belief, such actions were taken by Defendant in a deliberate attempt to misappropriate and trade off of the goodwill and valuable reputation of Alienware and

the ALIENWARE mark. Such action evidences a willful attempt by Defendant to usurp the goodwill in the mark ALIENWARE owned by Plaintiff, and constitutes unfair competition in violation of New York common law. On further information and belief, Defendant acted with oppression, fraud and malice toward Alienware, and has continued with its infringing and unlawful acts after being placed on notice that its use of Alienware's mark was likely to cause confusion, mistake and deception. Alienware is therefore entitled to an award of punitive damages for the sake of example and by way of punishing Defendant.

51.  Alienware has no adequate remedy at law against this unfair competition and injury to its business reputation, such that monetary damages alone cannot fully compensate it for injuries caused by Defendant's misconduct. Such misconduct will continue to cause irreparable harm to Alienware unless enjoined by this Court.

### SIXTH CAUSE OF ACTION
**(Injury to Business Reputation and Dilution —
New York Statutory Law)**

52.  Alienware realleges and incorporates herein by reference the allegations of the forgoing paragraphs.

53.  As a direct result of Alienware's long and extensive experience, care, and skill in manufacturing, marketing, advertising and selling computer systems, peripherals, accessories and parts therefore, as well as related goods and services under the ALIENWARE mark, Alienware has acquired a reputation for excellence, and enjoys an extensive demand for its goods and services. In addition, Alienware has expended large sums in advertising to create substantial goodwill in the ALIENWARE mark and an image for services and products which are of a very high quality.

54.  Defendant, by wrongfully using the mark ALIENWARE, is misleading the public into believing that its website, promotions, solicitations, product giveaways and business are

connected with Plaintiff's business, when in fact they are not. Such action tarnishes, dilutes and disparages Alienware's reputation, goodwill, and the ALIENWARE mark.

55. Defendant's acts are likely to deprive Alienware of the benefit of the goodwill attached to the ALIENWARE mark, injure Plaintiff's business reputation, and dilute the distinctive quality of the ALIENWARE mark in violation of the New York General Business Law § 368(d).

56. As a proximate result of the acts of Defendant as alleged herein, Alienware has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits. Plaintiff has no adequate remedy at law against this dilution of and injury to its business reputation. Unless Defendant is enjoined by this Court, Alienware will continue to suffer irreparable harm.

**SEVENTH CAUSE OF ACTION**
**(New York General Business Law §§ 349, 350**
**Deceptive Acts, False Advertising)**

57. Alienware realleges and incorporates herein by reference the allegations of the forgoing paragraphs.

58. On information and belief, Defendant has misrepresented the nature, characteristics or qualities of its website, solicitations, promotions, giveaway offers and business by representing that it is associated with Alienware when, in fact, it is not.

59. On information and belief, Defendant has engaged in unlawful, unfair and fraudulent business practices and unfair, deceptive, untrue and misleading advertising in violation of New York General Business Law § 349. On information and belief, such actions were, and continue to be, deliberate attempts to knowingly misappropriate Alienware's rights in the ALIENWARE mark.

60. On information and belief, such actions by Defendant also constitute false and

misleading advertising in violation of the New York General Business Law § 350.

61. As a result of such acts as alleged herein, Alienware has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits. Alienware has no adequate remedy at law against these deceptive acts and practices, such that monetary damages alone cannot fully compensate for the resulting injuries. Defendant's wrongdoing, as set forth above, will continue to cause irreparable harm to Alienware unless enjoined by this Court.

## JURY TRIAL DEMAND

62. Alienware hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment and for relief against Defendant as follows, that:

1. Defendant, its respective officers, agents, servants, employees and representatives and all other persons, firms or corporations in active concert or participation with them, whether in the United States or abroad, be permanently enjoined and restrained from using the name and mark ALIENWARE, or any other name or mark owned by Alienware, in a manner which is likely to confuse the public as to the source or sponsorship of Defendant's email solicitations, business, websites, promotions, products or services;

2. Defendant, its respective officers, agents, servants, employees and representatives and all other persons, firms or corporations in active concert or participation therewith, whether in the United States or abroad, including, but not limited to, Internet Service Providers or hosts for Defendant's websites, be permanently enjoined and restrained from transmitting electronic messages bearing the Alienware's name, trademarks, or product images;

3.  Defendant, in accordance with 15 U.S.C. § 1116(a), be directed to file with this court and serve upon Alienware within thirty days after entry of the injunction a report in writing under oath, setting forth in detail the manner and form in which it has complied with the injunction;

4.  This Court require Defendant to account to Alienware for any and all profits derived by Defendant from the use of Alienware's trademark;

7.  Alienware recover its damages sustained as a result of Defendant's wrongful actions;

8.  Alienware recover Defendant's profits made as a result of Defendant's wrongful actions;

9.  Alienware recover three times Defendant's profits made as a result of Defendant's wrongful actions or three times Alienware's damages, whichever is greater;

10. Alienware be awarded its reasonable attorneys' fees and costs under the Lanham Act (15 U.S.C. §1117) and New York state law against Defendant; and;

11. Alienware be awarded exemplary and punitive damages under New York law for Defendant's willful and intentional acts;

12. Alienware recover its costs of court; and

13. Alienware recover such further relief to which it may be entitled.

Date: February 13, 2008

BAKER BOTTS L.L.P.

By: _____
Doreen L. Costa (DC: 2830)
Paul J. Reilly (PR: 0317)
30 Rockefeller Plaza
New York, New York 10112
(212) 408-2500

Attorneys for Plaintiff, Alienware Corporation

**EXHIBIT 1**

# ONLINE GIFT REWARDS

## OUT OF THIS WORLD alienware® LAPTOP

**FREE** (Click here to view Terms & Conditions)

- Wide-Screen LCD Display
- Graphics Control Technology
- Ultra-thin and Portable
- Up to a $1,699.00 Value

ENTER YOUR EMAIL ADDRESS TO CONTINUE!

[                    ] enter

OnlineGiftRewards Gift Program is an ADVERTISEMENT and is not endorsed, sponsored by or affiliated with Alienware® or Alienware Corporation.
Such terms are registered trademarks of their respective owners.

*This promotion is conducted exclusively by OnlineGiftRewards and is subject to participation terms and conditions. Receipt of your item requires compliance with offer terms, including: age and residency requirements; registration with valid email address, shipping address and contact phone number; completion of user survey and sponsor promotions. Upon valid completion of all Program Requirements, We will ship your item to your provided shipping address. Unless otherwise indicated, participation eligibility is restricted to US residents, 18 and over. Void where prohibited.

Check Gift Status - Help - Privacy Policy - Terms & Conditions - Unsubscribe - Contact Us

Copyright © 2006 OnlineGiftRewards. All rights reserved.



OnlineGiftRewards Gift Program is an ADVERTISEMENT and is not endorsed, sponsored by or affiliated with Alienware® or Alienware Corporation.
Such terms are registered trademarks of their respective owners.

*This promotion is conducted exclusively by OnlineGiftRewards. To receive the gift for this promotion you must: 1) register with valid information; 2) complete the user survey; 3) complete at least 3 Silver, 3 Gold and 9 Platinum offers. Available offers will vary and some offers may require a purchase to qualify. Receipt of your item requires compliance with offer terms, including age and residency requirements, registration with valid email address, shipping address and contact phone number, completion of user survey and sponsor promotions. Upon valid completion of all Program Requirements. We will ship your item to your provided shipping address. Unless otherwise indicated, participation eligibility is restricted to US residents, 18 and over. Void where prohibited.